IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL WHITE,

    Petitioner,

vs.                                                                Cause No. 1:09cv106-MMP/AK

WALTER MCNEIL,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

    This cause is before the Court on Petitioner's petition for writ of habeas corpus. Doc. 1. Petitioner has paid the filing fee. Having carefully considered the matter, the Court recommends that the petition be denied as untimely filed.

    According to the petition, Petitioner was sentenced on February 23, 1998, to two life sentences for sexual battery on a child under the age of twelve and lewd and lascivious assault on a child under the age of sixteen. Doc. 1 at 1. Petitioner appealed his conviction and sentence, which were affirmed on February 23, 1999. *Id*. at 2; *White v. State*, 730 So.2d 679 (Fla. Dist. Ct. App. 1999). On June 27, 2007, Petitioner filed a Rule 3.850 motion for post-conviction relief, alleging newly discovered evidence and actual innocence. *Id*. The court denied the motion on December 3, 2007. *Id*. at 3. On appeal, the lower court's ruling was affirmed, with the mandate issuing on September 23, 2008. *Id*.; *White v. State*, 989 So.2d 643 (Fla. Dist. Ct. App. 2008).

The instant petition was filed on April 22, 2009, when the petition was given to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266 (1988) (pursuant to "mailbox rule," date that petition was deposited with prison is controlling filing date, not actual date document was filed in court).

Facially, the petition is patently out of time by almost nine years.  Petitioner's conviction became final on or about May 23, 1999, and as noted the instant petition was not filed until April, 2009.  While a properly filed motion for post-conviction relief in state court would have tolled the running of that time period, during the relevant one-year period, Petitioner had nothing pending in state court whatsoever, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  In other words, the time for filing the instant petition had expired before Petitioner filed his motion for post-conviction relief state court in June, 2007, and the filing of that motion could not toll a statute of limitations that had already expired.

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

This does not, however, end the inquiry, as Petitioner has made a claim of actual

innocence, which creates an issue of whether Petitioner's assertion of actual innocence lifts "the procedural bar caused by [his] failure timely to file his [§ 2254 petition]." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005). When a habeas petitioner asserts actual innocence in this situation, he must show that his conviction probably resulted from a constitutional violation. *Arthur v. Allen*, 452 F3d 1234, 1246 (11th Cir. 2006). He "meets the 'probably resulted' standard by demonstrating, **based on the new evidence**, 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup .v. Delo*, 513 U.S. 298 (1995)) (emphasis added). Thus, "[t]o be credible...a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

A claim of actual innocence necessarily requires the presentation of new evidence. Without new evidence, there is no review of the merits of the constitutional claim. *Arthur*, 452 F.3d at 1245. Here, Petitioner's allegedly "new evidence" is that because of a 1994 gunshot wound which "caused [him] to have short term memory loss and lapse in time," it is only "[n]ow after 16 years, [that he is] able to piece together event that lead up to and including" the time periods during which he allegedly molested the victim. Doc. 1, Aff. According to Petitioner, he had no contact with the victim between September 1, 1991, and 1996. *Id*.

None of Petitioner's claims for relief hinges on the alleged recovery of his memory. In the first ground, he charges that the state court failed to make specific findings of fact regarding the reliability of certain hearsay statements. In the second and third claims, he alleges that his

attorney was ineffective for failing challenge the introduction of the hearsay statements.  In the fourth claim, Petitioner charges that counsel was ineffective for failing to object to or move for dismissal of the information when the State constructively amended the information to conform to the evidence.   In Ground Five, Petitioner claims ineffective assistance of counsel because counsel failed to object to or move for a mistrial when the court limited cross-examination of certain witnesses.  In Ground Six, he argues that counsel was ineffective for failing properly argue for the introduction of certain evidence of Petitioner's character, and in Ground Seven, he argues that counsel was ineffective for opening the door to the introduction of evidence of Petitioner's "bad" character.

To the extent that the dates of the molestations were at issue, Petitioner admits that counsel presented evidence "through jail and prison records that the petitioner was incarcerated at the time the alleged incidents had taken place," and thus, "that he could not have possible committed the offense charged."  Doc. 1 at 34-35.  Because Petitioner's allegedly recovered memory that he had no contact with the child between 1991 and 1996 is not evidence that the jury did not have before it in another form, it is not "new reliable...that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Therefore, having presented no new evidence raising "sufficient doubt about his guilt to undermine confidence in the result of the trial," *Schlup*, 513 U.S. at 317; see also *Bousley v. United States*, 523 U.S. 614, 624 (1998) (actual innocence means factual innocence, not "mere legal insufficiency"), Petitioner is not entitled to have the procedural bar caused by his failure timely to file the instant petition lifted, and this cause should be dismissed with prejudice.

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas

corpus be **DENIED** and this cause be **DISMISSED WITH PREJUDICE**.

    **IN CHAMBERS** at Gainesville, Florida, this  *8th*  day of June, 2009.


                      *s/ A. KORNBLUM*
                      **ALLAN KORNBLUM**
                      **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

    **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations**.